E-FILED
Tuesday, 16 June, 2026 01:52:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DONALD NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1411 |
| | ) | |
| BOWDEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that a prison official was present during his telepsych appointment conducted at Lawrence Correctional Center. Plaintiff alleges that he was transferred to Pontiac Correctional Center ("Pontiac") approximately two months later despite a medical hold that was in place.

Plaintiff alleges he lost his boots and other personal property upon his arrival at Pontiac. He alleges that officials issued a fraudulent disciplinary ticket in January 2025 based on false information from a confidential inmate informant that was never punished for lying, resulting in Plaintiff's loss of his electronics. Plaintiff alleges that the same inmate sent Defendants Martin, Miller, and Perotta to his cell to solicit Plaintiff to "pull my penis out and do a sex act." Plaintiff alleges that officials never interviewed him regarding the Prison Rape Elimination Act (PREA) complaints he filed regarding these events.

Plaintiff alleges that Defendant Martin placed him on crisis watch after using another correctional officer "as a scapegoat to say my cell was in disarray." Plaintiff alleges that he had informed this defendant prior to this incident that the inmate in the adjacent cell was a confidential informant Defendants Caldwell and Bowden had commanded to throw feces and urine into Plaintiff's cell. Plaintiff alleges that he spent seven days in a crisis cell with no mattress, a low-flow faucet, and no milk or juice carton to fill up.

As a threshold matter, the events that occurred at Lawrence Correctional Center are not sufficiently related to the claims arising out of Pontiac to be litigated in the same lawsuit. Because venue for the Lawrence claims is appropriate in the Southern District of Illinois, those claims are dismissed without prejudice. In the alternative, Plaintiff may ask the Court, within the deadline to file an amended complaint set below, to sever the Lawrence claims into a new lawsuit and transfer that lawsuit to the Southern District of Illinois. Doing so may avoid any statute of limitations issues. If Plaintiff chooses to open a new lawsuit, he will be responsible for an additional filing fee.

PREA does not create a private cause of action, and Plaintiff does not have a constitutional right for officials to investigate his claims. *Rossi v. City of Chicago*, 790 F.3d 729,

735 (7th Cir. 2015). Plaintiff does not provide sufficient information for the Court to find that Defendant Martin's, Miller's, and Perotta's alleged solicitations rose to the level of verbal harassment required to state a claim under the Eighth Amendment. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (most verbal harassment directed at a prisoner does not rise to the level of a constitutional violation; requires more than just statements). Plaintiff may be able to state a claim based upon the conditions he endured in the crisis cell, but he has not provided sufficient information for the Court to find that he suffered an objectively serious deprivation or that officials were deliberately indifferent. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008); *Johnson v. Pelker*, 89 F.2d 136, 138-39 (7th Cir. 1989) (forcing inmate to sleep on a "slab of metal" for two and one-half days was not a sufficiently serious deprivation); *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) ("Sleeping for three days on a bedframe without a mattress is not extreme.").

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion (Doc. 26)**

Plaintiff's motion seeking to amend the relief sought in his complaint is denied. If Plaintiff desires to amend his complaint, he must file a motion seeking leave to do so and attach a proposed amended complaint that contains all allegations against all defendants he wishes to sue, as well as all relief sought. The Court does not accept piecemeal amendments.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this**

**order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [26] is DENIED.**

Entered this 16th day of June, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE